[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11136
Non-Argument Calendar

_____

D. C. Docket No. 05-80200-CV-KLR

KAREN L. DYER,

Plaintiff-Appellant,

versus

PAXSON COMMUNICATIONS CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 6, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Karen L. Dyer appeals the district court's grant of summary judgment in favor of Paxson Communications Corp. (Paxson) in her employment discrimination suit, filed pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10. After Dyer waived her claims relating to gender discrimination, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the FCRA, the district court granted summary judgment as to all of Dyer's remaining age discrimination and retaliation claims. Dyer asserts the district court erred in finding she did not present a *prima facie* case of age discrimination, because it used the wrong *prima facie* case formulation. She contends she presented evidence to establish a *prima facie* case under the formulation set forth in *Rowell v. BellSouth Corp.*, 433 F.3d 794 (11th Cir. 2005).[1]

We review a district court's grant of summary judgment *de novo*, viewing all the evidence and making reasonable inferences in the light most favorable to the non-moving party. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). The ADEA prohibits an employer from discriminating on the basis of age. 29 U.S.C. § 623(a). A plaintiff may establish a claim of age discrimination under

---

[1] Dyer fails to challenge the district court's finding regarding her retaliation and hostile work environment claims. Therefore she has abandoned those claims on appeal. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

the ADEA by direct or circumstantial evidence. When the plaintiff only relies upon the latter, we use the three-step burden shifting framework established in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973). *See Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). Under this framework, the plaintiff first must establish a *prima facie* case of age discrimination. *Id.* If the employer articulates a legitimate, nondiscriminatory reason for the employment decision, the burden shifts back to the plaintiff to present evidence that the employer's reason is pretextual. *Id.* at 1024-25. The legal analysis under the ADEA and the FCRA is the same. *Zaben v. Air Prods. & Chems. Inc.*, 129 F.3d 1453, 1455 n.2 (11th Cir. 1997).

Because some employment discrimination cases are not easily categorized, the *prima facie* case formulation must be flexible and dependent on the particular facts of a case. *Isenbergh v. Knight-Ridder Newspaper Sales*, 97 F.3d 436, 439-40 (11th Cir. 1996). The fundamental question in these cases is whether the plaintiff presented evidence that supports "an inference that age was a factor in the employment decision." *Id.* at 440 (citation omitted).

In *Rowell*, we addressed the *prima facie* elements of an ADEA claim where the employer reduced its workforce, which led to the ending of the plaintiff's employment relationship. *Rowell*, 433 F.3d at 797. We outlined the *prima facie*

elements as follows: (1) the plaintiff must be within the protected age group; (2) the plaintiff must be adversely affected; (3) the plaintiff must be qualified to assume another position at the time of discharge; and (4) evidence must allow a factfinder to reasonably conclude that the employer intended to discriminate. *Id.* at 798. To satisfy the last element, the plaintiff must show, at a minimum, that age was a factor in the employment decision by presenting evidence, for example, that "the employer's plan was subterfuge for discrimination." *Id.* Notably, the fourth element in *Rowell* mirrors the fundamental question for age discrimination cases that we identified in *Isenbergh*.

In *Turlington v. Atlantic Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998), we outlined the *prima facie* elements of an age discrimination claim in a case involving discharge, demotion, or failure to hire. In such a case, the plaintiff must show:

> (1) that he was a member of the protected class of persons between the ages of forty and seventy; (2) that he was subject to adverse employment action; (3) that a substantially younger person filled the position that he sought or from which he was discharged; and (4) that he was qualified to do the job for which he was rejected.

*Id.*

Dyer failed to present evidence establishing a *prima facie* case of age discrimination, regardless of the formulation used. She could not satisfy all the

4

elements from *Rowell* because she did not produce circumstantial evidence of age discrimination.  Her best evidence was that she complained of age discrimination once to Paxson's human resources manager, and at some point in that conversation, the manager told her that she was different from the other employees in her department.  That evidence cannot support an inference of age discrimination because it does not indicate *how* the manager thought Dyer was different.

Moreover, assuming Dyer preserved any challenge to the district court's application of the *Turlington prima facie* case elements, she would also fail under that formulation.  Specifically, she failed to present evidence that she sought and was qualified for any promotion, or that a substantially younger person filled her position after her termination.  Therefore, the district court did not err in finding that Dyer failed to present a *prima facie* case of age discrimination, and did not err in granting summary judgment to Paxson.  *See Rowell*, 433 F.3d at 797-98 (stating we may affirm the district court based on any ground supported by the record).

**AFFIRMED.**